ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
JENNIFER A. TAYLOR
Nevada Bar No. 6141
Jennifer.A.Taylor@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383 / FAX: 702.893.3789
*Attorneys for Plaintiff ISMIE Mutual Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ISMIE MUTUAL INSURANCE COMPANY an Illinois corporation.<br><br>Plaintiff,<br><br>vs.<br><br>GRIGSBY LAW GROUP, a professional corporation; AARON GRIGSBY, individually, DOES 1-20 and ROE CORPORATIONS 1 - 20, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff ISMIE Mutual Insurance Company ("ISMIE") by and through its attorneys of record, Lewis Brisbois Bisgaard & Smith, LLP, hereby alleges:

**JURISDICTION, VENUE AND PARTIES**

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2. Plaintiff ISMIE Mutual Insurance Company is, and at all times relevant hereto was, an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.

3. At all times relevant hereto, Defendant GRIGSBY LAW GROUP, a professional corporation, organized and existing under the laws of Nevada, with its principal place of business in the State of Nevada.



136558895.2

4. At all times relevant hereto, Defendant AARON GRIGSBY, individually, was a resident of Clark County, Nevada.

5. Each of the defendants designated as Does 1 - 20 and Roe Corporations 1 – 20, inclusive, are individuals, corporations, partnerships, associations or otherwise who allege or may allege that they have an interest in some manner related to the events and happenings herein alleged (including coverage under the subject insurance policy), and who may thereby allege claims against Plaintiff and/or assert claims under the subject insurance policy. The true names and capacities of such individual Doe defendants are presently unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek to obtain leave of Court to amend this complaint to insert the true names and capacities of said Doe defendants if and when the true names of these defendants, if any, are ascertained.

6. Plaintiff brings this action to obtain a declaratory judgment finding that ISMIE has no duty to defend or indemnify Grigsby Law Group, Aaron Grigsby and/or any insured under the subject policy in connection with claims asserted against Defendants which seek disgorgement of property, assets and civil contempt sanctions.

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between ISMIE and the Defendants, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Defendants in the subject action, exceeds $75,000.  The claims at issue involve civil contempt sanctions against Defendants.  The policy at issue in this action includes professional liability coverage with limits of $1,000,000.

8. This Court also has jurisdiction because Plaintiff ISMIE alleges an actual controversy between itself and the Defendants for which Plaintiff ISMIE seeks a declaration from this Court regarding the rights and/or other legal relations between the parties.

9. Venue is appropriate under 28 U.S.C. § 1391 because the acts from which the Underlying Lawsuit originated, i.e., the alleged wrongs, occurred in the District of Nevada.

**FACTS COMMONS TO ALL CLAIMS FOR RELIEF**

10. On April 12, 2022, a Complaint was filed in United States District Court Case No. 2:22-cv-00612-CDS-EJY captioned *Securities and Exchange Commission v. Matthew Beasley, et*



136558895.2                              2

*al.* (the "Subject Action").  The Complaint is attached hereto as **Exhibit A** (the "Complaint").

11. The Subject Action was initiated by the Securities and Exchange Commission, against Matthew Beasley and others alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934.  *Id.*

12. The day after the Subject Action was filed, the court entered a Temporary Restraining Order 1. Freezing Assets, 2. Requiring Accountings 3. Prohibiting the Destruction of Documents and 4. Granting Expedited Discovery, among other things. (ECF. No. 3 TRO.)

13. On June 3, 2022 the court entered an Order Appointing Receiver (Receivership Order), which required the Receiver to take possession of all Receivership Assets, including real property and to marshal and preserve the same for the benefit of the Receivership Estate, among other obligations.  (*See generally* Order, ECF No. 88)

14. The Receivership Order also provided for the turnover of certain property, business, books, records, accounts or assets of the Receivership Defendants to the Receiver.  The Turnover Order further prohibited the liquidation, transfer, sell, conveyance  or otherwise transfer of any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver.  (*Id*.)

15. Shortly following his appointment, the Receiver reached out to Grigsby and his then client, Mrs. Paula Beasley to discuss the turnover of a vehicle and real property in accordance with the Receivership and Turnover Orders.  Over the next several months the Receiver and Grigsby had several meetings and contacts regarding compliance with Turnover Orders.

16. Ultimately, on October 21, 2022, the Receiver filed a motion to compel or in the alternative motion for an order to show cause against Grigsby and Paula Beasley.  That motion set forth numerous and specific violations of the court's Turnover Order and overall failure to comply with the Receiver's requests.

17. Defendants filed an opposition to the October 21, 2022 Motion to compel or in the alternative motion for an order to show cause.

18. On December 16, 2022, Magistrate Judge Elayna J. Youchan granting the motion to compel but not the show cause order.

19. On April 13, 2023 the Receiver files a second motion to compel or in the alternative motion for an order to show cause against Grigsby and his client Paula Beasley.

20. Grigsby filed an opposition to the second motion to compel or in the alternative motion for an order to show cause against Grigsby and his client Paula Beasley.

21. On August 25, 2023, Magistrate Judge Youchah granted the Receiver's second to show cause.

22. On October 6, 2023, the Receiver files a motion to find Aaron Grigsby in contempt for failing to comply with the court's orders.

23. On December 14, 2023, United States District Judge Cristina D. Silva held a contempt hearing and held Aaron Grigsby in civil contempt for violating the court's Turnover order as well as the orders of Magistrate Youchah. (*See* ECF No. 621.)

24. Judge Silva's December 28, 2023 order provides:

> IT IS FURTHER ORDERED that the Receiver's motion to find Aaron Grigsby in contempt for failure to comply with this court's orders **[ECF No. 584] is GRANTED.**
>
> IT IS FURTHER ORDERED that Aaron Grigsby, Esq., must pay a per diem fine of $50.00 for the first day of noncompliance, effective December 14, 2023, with the amount doubling every third day of noncompliance to the Receiver through the Clerk of the Court for the District of Nevada. (*Id.*)

## THE POLICY

25. ISMIE issued a Lawyers Professional Liability Policy, Policy number ALA-04-001896-02 ("the Policy") to Grigsby Law Group with professional liability coverage limits of $1,000,000 each claim/$1,000,000 aggregate for all claims. *See* **Exhibit B**, Certified Policy No. ALA-04-001896-02. The Policy was in effect on the date of the incident [Bates stamped ISMIE0001-ISMIE0018].

26. The ISMIE Policy is a "claims made and reported policy" that affords coverage for claims that are within the scope of coverage and not otherwise excluded thereunder provided that such claims are first made and reported to the insurer during the effective policy period.

/ / /

/ / /

27. The liability coverage insuring agreements of the Policy provides:

**I.    INSURING AGREEMENT**

**A.  Coverage**

Subject to the Limit of Liability shown in Item 3. of the Declarations and as limited in Section II., the **Insurer** shall pay on behalf of the **Insured** all **Damages** and **Defense Expenses** in excess of the Deductible shown in Item 4. of the Declarations and as limited in Section II., that the **Insured** becomes legally obligated to pay as a result of a **Claim** first made against the **Insured** and reported in writing to the **Insurer** during:

1. the **Policy Period;** or
2. any applicable Extended Reporting Period,

by reason of a negligent act, error or omission in the performance of **Professional Services** by the **Insured** or by someone for whom the **Insured** is legally responsible, provided that such negligent act, error or omission began on or after the **Prior Acts** Date shown in Item 6. of the Declarations.

**B.  Defense**

Subject to the terms, conditions and exclusions appearing in other Sections of this policy, the **Insurer** has the right and duty to defend any covered **Claim** including, but not limited to, the appointment of legal counsel, even if any of the allegations of the **Claim** are groundless, false or fraudulent.

28. The Policy includes the following definitions:

**IV. DEFINITIONS**

**E. Damages** means a monetary judgment (including pre- and post-judgment interest awarded against the **Insured**)**,** monetary award or monetary settlement negotiated with the **Insurer's** written consent.

If the **Insurer** makes an offer to pay the applicable Limit of Liability, it will not pay any prejudgment interest based on the period of time after such offer is made. Notwithstanding anything to the contrary contained herein, **Damages** also include those amounts the court is permitted to impose on a debt collector as set forth in 15 USC 1692k(a).

**Damages** shall not include:

1. any restitution, disgorgement, unjust enrichment or illegal profits by an **Insured;**

2. return or offset of fees or overcharges or amounts which are the subject of fee disputes;

136558895.2                                5

3. punitive or exemplary damages, awards or judgments or any amounts which are a multiple of compensatory damages, awards or judgments, except to the extent insurance for such damages, awards or judgments is insurable under applicable law and is not otherwise excluded by the provisions of this policy.

For the purposes of determining whether such damages are insurable:

(a) the law of the state of incorporation or principal place of business of the **Insured** or the **Insurer;**

(b) the state where the negligent act, error or omission took place; or

(c) the state where the damages are awarded or imposed, whichever is most favorable to the **Insured,** shall be deemed applicable law;

4. civil or criminal fines, sanctions or penalties;

5. any amounts for which the **Insured** is not financially liable or for which there is no legal recourse against the **Insured;**

6. subject to 3. above, amounts deemed uninsurable under the law pursuant to which this policy shall be construed; or

7. amounts paid to comply with any injunctive order or other non-monetary or declaratory relief or award, including amounts ordered to be paid to comply with specific performance or any agreement to provide such relief.

**F. Defense Expenses** mean reasonable and necessary fees charged by attorneys designated or approved by the **Insurer** and all other reasonable and necessary fees, costs and expenses resulting from the adjustment, negotiation, arbitration, mediation, defense or appeal of a **Claim,** including premiums on appeal, attachment or similar bonds. This provision does not obligate the **Insurer** to apply for or furnish any such bond.

**Defense Expenses** do not include:
1. salaries;
2. charges;
3. wages;
4. loss of wages; or
5. expenses,

of any partner, principal, director, officer, member or employee of the **Insured** or the **Insurer.**

. . .

**I.** **Insured** means the **Named Insured, Predecessor Firm,** and:
1. any present or future principal, partner, director, officer, member or employee of the **Named Insured;**

2. any former principal, partner, director, officer, member or employee of the **Named Insured** or of a **Predecessor Firm;** (Bates ISMIE – INS 000005 – 000007).

## GROUNDS FOR DECLARATORY JUDGMENT

29. ISMIE incorporates by reference the foregoing paragraphs as if fully stated herein.

30. There is presently a dispute between Plaintiff and Defendants as to potential coverage under the Policy.

31. On January 17, 2024 Defendants, through counsel, sent a demand to ISMIE for defense and indemnity for claims asserted against Defendant Aaron Grigsby by the Receiver and other entities in the Subject Action.

32. Based upon the plain language of the Policy, there is no coverage available to Defendants for the claims made by the Receiver in the Subject Action because coverage only exists under the ISMIE Policy for "damages" that are within the scope of coverage, and the disgorgement of property and civil contempt sanctions are expressly excluded from coverage.

33. All of the relief, and the only relief, sought against Defendants in the Receivership Action is the disgorgement of assets and return of fees which Defendant Aaron Grigsby has been ordered to pay over to the Receiver and the imposition of monetary sanctions based upon Defendant Aaron Grigsby having been held in civil contempt.

34. All of the requested relief by Defendants is expressly excluded from coverage under the ISMIE Policy.

35. Because no coverage exists, ISMIE has no duty to defend or indemnify Defendants for claims arising from the Subject Action.

36. An actual controversy exists between ISMIE, on the one hand, and Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiff ISMIE respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

A. Declare that under the Policy ISMIE has no duty to defend Grigsby Law Group,



1  Aaron Grigsby and/or any insured for claims arising from the Subject Action.

2    B. Declare that under the Policy ISMIE has no duty to indemnify Grigsby Law Group, Aaron Grigsby and/or any insured for claims arising from the Subject Action.

  C. Declare that Defendants Grigsby Law Group, Aaron Grigsby are bound by the final judgment that this Court enters as to whether Plaintiff ISMIE owes coverage, defense or indemnity to Grigsby Law Group, Aaron Grigsby under ISMIE Policy No. Policy number ALA-04-001896-02.

  D. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including an award of costs.

DATED this 13th day of March, 2024.

         LEWIS BRISBOIS BISGAARD & SMITH LLP

         By */s/ Jennifer A. Taylor*
         ROBERT W. FREEMAN
         Nevada Bar No. 3062
         JENNIFER A. TAYLOR
         Nevada Bar No. 6141
         6385 S. Rainbow Boulevard, Suite 600
         Las Vegas, Nevada 89118
         *Attorneys for Plaintiff ISMIE Mutual Insurance Company*

**INDEX OF EXHIBITS**

*ISMIE Mutual Insurance Company v. Grigsby Law Group, and Aaron Grigsby, et al.*

EXHIBIT A   Complaint in *Securities and Exchange Commission v. Matthew Beasley, et al.,* United States District Court Case No. 2:22-cv-00612-CDS-EJY.

EXHIBIT B   Certified Policy No. ALA-04-001896-02.

136558895.2

9